### MAHONING CO BD OF COMM. v PALKOVIC et

Ohio Appeals, 7th Dist, Mahoning Co

Decided June 10, 1932

**FARR, J.**

The principal issue to be determined in this behalf is whether or not the Board of County Commissioners, acting to abolish said positions, could do so without the consent of the Prosecuting Attorney of Mahoning County, the Commissioners and Prosecuting Attorney acting under favor of §4212 GC, which reads as follows:

"If it deems it for the best interests of the county, the Common Pleas Court, upon the application of the prosecuting attorney and the Board of County Commissioners, may authorize the Board of County Commissioners to employ legal counsel temporarily to assist the prosecuting attorney, the Board of County Commissioners or any other county board or officer, in any matter of public business coming before such board or officer, and in the prosecution or defense of any action or proceeding in which such county board or officer is a party or has an interest in its official capacity."

It may be observed from the foregoing that the application for appointment shall be made by the Prosecuting Attorney and the Board of County Commissioners. This indicates that there must be a concert of action upon the part of these officials, and such being the case, then must the dismissal of such person or persons as may be employed by them be sanctioned by all the officials joining in the request for the appointment, it being conceded that the Commissioners only acted in the instant case to dismiss the persons so appointed. In this connection 22 R.C.L., 562, §566, is of interest. Said section reads in part as follows:

"Right of removal as incident to right of appointment. The tenure not having been declared by law, the office is held during the pleasure of the authority making the appointment. Hence in the absence of a constitutional or statutory provision as to the removal of public officers, the power of removal is considered as incident to the power of appointment."

See also **46 C. J., 985.** It is indicated, therefore, that the removal of such persons should be by the appointing power. In the instant case the Commissioners and Prosecutor alone were not the appointing power, but they jointly requested the appointment of these relators, and having acted jointly in the first instance a dismissal could only be secured in the same way. Therefore, the Board of County Commissioners were without authority to take the summary action which they did. Had the resolution of appointment carried a provision that the County Commissioners might at their pleasure vacate such appointment, then a different issue would have been presented here, but such is not the case; therefore, the County Commissioners acted without authority when they sought to dismiss the relators without the consent of the Prosecuting Attorney, and the reason is obvious. The appointments were made for the purpose of assisting the Prosecutor in the collection of delinquent taxes, and the purposes of such appointment not having been fully performed, and being especially the aids of the Prosecuting Attorney, a dismissal should not have been attempted without the consent of the Prosecuting Attorney. Of course, if all the officers requesting the appointment had concurred in the removal, then no question would be here presented for determination. Therefore, in the light of the above section, and construing the same as seems reasonable and proper, the conclusion is that the County Commissioners were without authority to remove these relators, save and except that they had the consent or sanction of the Prosecuting Attorney.

Such being the conclusion, it follows that the judgment must be affirmed and it is so ordered.

ROBERTS and POLLOCK, JJ, concur.