LONGLEY *v.* CITY OF BEDFORD.

(No. 4237—Decided March 17, 1964.)

Mr. *Peter P. Lograsso,* for plaintiff.
Mr. *Louis H. Orkin,* for defendant.

ZINGALES, J. This matter came on for hearing this 19th day of May, 1964, upon the petition of the plaintiff, answer of the defendant, opening statements, certain stipulations between the parties and briefs submitted by them. Stipulations included ordinances Nos. 2571-63 and 2571-64, duly adopted by the council of the city of Bedford on January 21, 1963, and January 25, 1964, respectively, and the charter and ordinances of the defendant. Counsel for defendant further stipulated that if plaintiff would take the witness stand his testimony would be substantially as set forth in the petition and without objection.

The parties to this action are in full agreement as to the following:

1. That the plaintiff was employed as Director of Law for the city of Bedford, the defendant herein, by ordinance No. 2571-63 duly adopted by defendant on January 21, 1963;

2. That the instrument or document allegedly terminating plaintiff's employment as such law director is ordinance No. 2751-64 adopted by Council of the city of Bedford on January 25, 1964;

3. That the interpretation of ordinance No. 2751-64 is the main and sole issue in the case and such interpretation will be dispositive of the matter.

For the sake of brevity, ordinance No. 2571-63 will be referred to, in this opinion, as exhibit A, while ordinance No. 2751-64 will be referred to as exhibit B, the identifications given them at the hearing of this matter.

The plaintiff was employed as the director of law for the defendant city of Bedford pursuant to exhibit A, commencing January 21, 1963. He performed his duties from that point to January 15, 1964, when he received a telephone call from Roger H. Skove, Mayor of the city of Bedford, advising him that his services as law director were terminated as of that same date. Thereafter, on January 25, 1964, the Council of the city of Bedford, in special session duly called, met and ratified the action of the mayor in terminating the employment of the plaintiff by adoption of exhibit B. The council, on February 3, 1964, employed the services of another as law director, while, during the period from January 15, 1964, to February 3, 1964, the plaintiff was ready, willing and able to perform the duties of the office.

The plaintiff's position herein is that he is entitled to compensation of $305.02 figured at the rate of $508.33 per month, in accordance with the salary provisions set forth in exhibit A, from January 15, 1964, to February 3, 1964, on the basis that until the latter date he was still the law director. Plaintiff further seeks compensation of $17.20 payable by Cuyahoga County for services as prosecutor in the Municipal Court in criminal matters and $140 for extra services performed pursuant to provisions of exhibit A.

The plaintiff's position is predicated upon the allegation that exhibit B is contrary to law, invalid and unconstitutional

and therefore, of no force and effect; that his employment was not terminated until February 3, 1964, when another was appointed as such by the legislative action.

The defendant, on the other hand, agrees that there is some invalidity to the adoption of exhibit B but that it is curable. The defendant agrees, in its answers that although the effective date of exhibit B, January 15, 1964, is surplusage, it is valid otherwise and that plaintiff's employment is thereby terminated as of the date of its passage as an emergency on January 25, 1964. The defendant has tendered payment up to and including January 25, 1964, in full compensation, which the plaintiff has refused.

Counsel for the defendant has argued eloquently and has submitted his brief in support of the constitutionality of exhibit B. This court cannot agree, however, with counsel for defendant's conclusion that a municipal ordinance is not a law and therefore the prohibition of Article II, Section 28 (Retroactive Laws) does not apply. (See Article XVIII, Ohio Constitution, and related annotations; *State, ex rel. City of Toledo,* v. *Lynch, Aud.,* 88 Ohio St. 71.) The prohibition of Article II, Section 28 applies, therefore, to all laws retroactive in nature, except those which are curative and do not impair existing valid contracts or disturb vested rights (*Burgett* v. *Morris, Treas.,* 25 Ohio St. 308).

With reference to plaintiff's contention that exhibit B is unconstitutional as being retroactive legislation, this court concludes otherwise. The court is of the opinion that, firstly, no vested rights were disturbed and, secondly, that his contract for employment was not impaired. Plaintiff's employment as law director continued at the will of council and until his successor was duly appointed and qualified. There is some apparent confusion with reference to the meaning of the use of the word, "and," following the word, "Council."

Section 1 of exhibit A provides as follows: That Earl T. Longley, an attorney at law, duly admitted to practice before the Bar of Ohio, be, and he is hereby appointed and employed as Director of Law for the city of Bedford, Ohio, and the officials thereof commencing January 21, 1963, to serve at the will of council *and* until a successor is duly appointed and qualified. (Emphasis supplied.)

"And" may be read "or" and "or" may be read "and" if the sense requires it (50 Ohio Jurisprudence 2d 184, Statutes, Section 208; 11 Ohio Jurisprudence 2d 414, Contracts, Section 166). The word, "and," standing alone, is not construed as equivalent to the words "and also" (56 Ohio Jurisprudence 2d 108, Wills, Section 573). The words, "and" and "or," should not be treated as interchangeable when this accurate and literal meaning does not render the sense dubious; the word, "and" as used in a statute is a colorless particle without an exact synonym (50 Ohio Jurisprudence 2d 184, Statutes Section 208). One can readily concur, therefore, that the words, "and" and "or," can be interchanged when the sense requires it and when, unless one does so, the use thereof would render the sense dubious.

Article II, Section 9 of the Charter of the city of Bedford gives the power to appoint the law director to the council. He is directly responsible to council for the discharge of his duties (Article IV, Section 11, Charter). The right of removal is incident to the right of appointment. Plaintiff's office here was held during the pleasure of the authority (council) making the appointment. Hence in the absence of a constitutional or statutory provision as to the removal of public officers, the power of removal is considered as incident to the power of appointment (*Mahoning County Bd. of Commrs.* v. *Palkovic* (App.), 12 Ohio Law Abs. 280). Further, under certain circumstances, a municipality may be represented by special counsel (*City of Zanesville* v. *Wilson,* 51 Ohio App. 433). The charter of the defendant establishes a department of law and grants the power of appointment of the director to the council as hereinabove set forth. The director can be appointed today or tomorrow, or next week. When the appointment is made, however, the council shall do it and no one else may.

So, to construe section 1 of exhibit A in favor of plaintiff's contention would surely present a dubious situation in that it would impose an unreasonable and unlawful restriction upon the will of council. One would be ordering council to do something which it does not have to do, *viz.*, appoint a law director— *now.* The sense, here therefore, requires and demands that we interchange the troublesome word "and" with the word "or" which this court does.

The general rule is that where the validity of an act is as-

sailed, and there are two possible interpretations, one of which would render it valid and the other invalid the court should adopt the former so as to bring the act into harmony with the Constitution (*Jones* v. *Wilson, Carr & Co.*, 16 Ohio St. 420).

Effect is authorized to be given by Article II, Section 28 of the Ohio Constitution, to the manifest intention (of exhibit B) by curing omissions, defects and errors (*Goshorn* v. *Purcell,* 11 Ohio St. 641). Therefore, assuming for the moment that it was the intention of council to terminate the employment of plaintiff, exhibit B would be easily cured by striking the retroactive date of January 15, 1964, and thereby the termination date would revert to January 25, 1964, the effective date of exhibit B. This action would cure the retroactive effect and still comply with the intent of council, to wit, terminate the services of the law director.

It is the opinion of this court, however, that there is a much more critical question involved here of great concern; What was the legislative intention behind the adoption of exhibit B?

Exhibit B provides as follows:

"Ordinance No. 2751-64

"An ordinance repealing ordinance No. 2571-63, passed January 21, 1963, providing for legal counsel for the city of Bedford, Ohio; and declaring an emergency.

"Be it ordained by the Council of the city of Bedford, state of Ohio:

"Section 1. The Council of the city of Bedford hereby ratifies the act of Roger H. Skove, Mayor and President of Council, of the cancelling, verbally and by letter, of the contract of Earl T. Longley, as Law Director of the city of Bedford.

"Section 2. That ordinance No. 2571-63 passed January 21, 1963, and entitled an ordinance providing for legal counsel for the city of Bedford, Ohio, commencing January 21, 1963, be and the same is hereby repealed in its entirety, said repeal to be effective as of January 15, 1964:

"Section 3. This ordinance is hereby declared to be an emergency measure immediately necessary for the preservation of the public peace, health, safety and welfare of the city of Bedford, Ohio, such emergency existing by reason of the necessity of Council retaining such legal counsel as they deem necessary and advisable.

"Wherefore, this ordinance shall therefore take effect and be in force immediately upon its passage.

"/S/ Roger H. Skove
Mayor President of Council
"/S/ Blanche Lacina
Clerk of Council"

"Passed January 25, 1964."

Was it to terminate the employment of plaintiff by council's own initiative and will by and through exhibit B as the vehicle, or was it simply to ratify the action of Roger H. Skove, mayor, whereby he terminated plaintiff's employment by his own actions?

The court is of the opinion that the latter intention motivated the council to act.

All powers of the defendant are vested in a council of seven (7) members which includes the mayor (Article II, Section 1(a), Charter). As set forth elsewhere herein, the power to appoint or dismiss the law director is in the council. Council shall act by resolution or ordinance duly adopted at a *regular* or *special* meeting and shall require for its passage or adoption the concurrence of at lease four of its members (Code Ordinance 123.10). This court cannot find anything in the charter or codified ordinances of the defendant whereby the legislative branch can delegate its authority to one person. Nor is there any evidence before the court that the mayor dismissed the plaintiff pursuant to legislative direction. The act of dismissal herein was purely and simply the action of one member of the legislative authority entitled to only one vote. It is fundamental that public powers conferred upon a municipal corporation and its officers or agents cannot be surrendered or delegated to others (*City of Cincinnati* v. *Cook,* 107 Ohio St. 223; *City of Cleveland* v. *Piskura,* 145 Ohio St. 144; *Hagerman, Dir.,* v. *City of Dayton,* 147 Ohio St. 313). So far as the functions of a municipality are legislative, they rest in the discretion and judgment of the municipal body entrusted with them, and that body cannot refer the exercise of the power to the discretion and judgment of its subordinates or of any other authority (*Cincinnati* v. *Cook, supra*).

In ratifying the personal action of the mayor, and president of council, of the cancelling, verbally and by letter of the

contract of plaintiff, as law director of the defendant, the council, in effect, delegated a power which was within its province alone and which was contrary to law. It is fundamental that one cannot act contrary to law.

The act of the mayor, hereinabove set forth, in dismissing the plaintiff, was done without authority, *ultra vires,* and unlawful, and for that reason, and that reason alone, exhibit B is void and of no effect. Therefore the plaintiff remained as law director of defendant until February 3, 1963, when his successor was duly appointed and qualified and is entitled to be compensated up to and including that date.

It is therefore, ordered, adjudged and decreed, that judgment be, and it is hereby granted in favor of the plaintiff in the amount of $462.22 together with his costs herein.

*Judgment for plaintiff.*